Ralph R. BERGMAN, Petitioner,

v.

DEPARTMENT OF COMMERCE, Respondent.

No. 92–3490.

United States Court of Appeals, Federal Circuit.

Aug. 20, 1993.

Ralph R. Bergman, pro se.

John K. Lapiana, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, submitted for respondent. With him on the brief were Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director and Anthony H. Anikeeff, Asst. Director. Of counsel was Allen D. Bruns.

Llewellyn M. Fischer, Gen. Counsel, Mary L. Jennings, Deputy Gen. Counsel, Martha B. Schneider, Asst. Gen. Counsel and Joyce G. Friedman, Atty., Merit Systems Protection Board, Washington, DC, were on the brief for amicus curiae, Merit Systems Protection Bd.

Before NIES, Chief Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.

BENNETT, Senior Circuit Judge.

## OPINION

Petitioner, Ralph R. Bergman, appeals from the decision of the Merit Systems Protection Board (MSPB or board), No. DE035192016321, dated June 2, 1992, dismissing his petition for review upon the grounds that it was barred by the doctrine of res judicata and lacked evidence or argument meeting the criteria for reopening or reconsidering a prior decision. We affirm.

## BACKGROUND

In October 1962, petitioner was hired as a physicist by the National Bureau of Standards (Bureau), a constituent agency of the Department of Commerce. Through a reduction-in-force (RIF), he was separated from federal service on February 12, 1968. Petitioner sought review of the RIF before the Civil Service Commission (CSC), but on March 29, 1968, the CSC sustained the agency's actions. Petitioner then unsuccessfully appealed that decision to the CSC Board of Appeals and Review.

In October 1968, Petitioner was rehired by the Bureau for reasons unrelated to the merits of this appeal. On July 31, 1973, petitioner was informed that his position would be abolished as a result of a reorganization. Petitioner was again separated from federal employment and ultimately filed an action with the CSC. In July 1975, the CSC rejected petitioner's arguments; however, the CSC Board of Appeals and Review rescinded and remanded the action to the Federal Employee Appeals Authority (FEAA) for further consideration.

On August 12, 1975, as a result of the FEAA review, petitioner was offered and accepted a position as an electronics engineer. Despite his new position, Mr. Bergman continued to petition the CSC regional office seeking review of its previous adverse decisions. This prompted a "special inquiry" by the CSC which concluded that petitioner's position descriptions were overly broad and recommended that more accurate descriptions be included in his personnel file to ensure better documentation of his prior duties.

Petitioner was apparently sufficiently encouraged by the results of the "special inquiry" to further challenge his 1973 separation. This challenge proved futile when, on February 24, 1977, petitioner was informed by the CSC appeals authority that the issues raised had been fully considered and discussed in the 1975 decision of the Commission's Board of Appeals and Review and in the absence of any showing of new and material evidence not available prior to that decision, the prior CSC Board of Appeals and Review ruling would stand. Petitioner's request to reopen the case was denied.

Dissatisfied with the results of his administrative appeals, petitioner resumed his judicial appeals in the United States Court of Claims in 1982. That court addressed petitioner's multiple claims in a 46–page, single-spaced opinion and dismissed them all, concluding that the claims covering his 1968 RIF were barred by the 6–year statute of limitations and the claims concerning the other issues were without merit. Petitioner's claims for reinstatement, back pay, record correction, involuntary disability retirement,

classification of records, perjury, misrepresentation by government employees, violation of various statutes and regulations, negligence, and collusion of government employees, emotional distress, fraud, deceit, sophistry, slander, "robbery of rights to due process and equal protection under the Constitution," and "the common law tort of outrage against him" were raised in whole or in part by petitioner in suits more than once in the Court of Claims, and in the United States District Courts for Colorado and the District of Columbia, and in the United States Circuit Courts of Appeals for the Tenth and District of Columbia Circuits, as well as the Federal Circuit, all of which were denied on the merits or dismissed on legal grounds, including res judicata. Rehearings have been denied twice, once by this court and once by the United States Supreme Court. In addition, certiorari has been denied twice. 464 U.S. 825, 104 S.Ct. 95, 78 L.Ed.2d 101 (1983); 490 U.S. 1036, 109 S.Ct. 1935, 104 L.Ed.2d 406 (1989).

Petitioner now alleges that he was improperly removed from his positions with the United States Department of Commerce in February 1968 and August 1973 by reductions-in-force and that his disability retirement on March 16, 1977, was coerced. His claims were considered by an administrative judge (AJ) in the Denver Regional Office of the MSPB. The AJ noted that petitioner's claims had previously been adjudicated by both the Civil Service Commission and the United States Claims Court and were later affirmed by this court. *Bergman v. United States*, No. 84–78, slip op. at 20 (Ct.Cl. June 16, 1982), *aff'd*, 706 F.2d 319 (Fed.Cir.), *cert. denied*, 464 U.S. 825, 104 S.Ct. 95, 78 L.Ed.2d 101 (1983), *reh'g denied*, No. 88–1402 (Cl.Ct. Mar. 3, 1988), *aff'd*, 865 F.2d 268 (Fed.Cir.1988), *cert. denied*, 490 U.S. 1036, 109 S.Ct. 1935, 104 L.Ed.2d 406 (1989), *reh'g denied*, 492 U.S. 912, 109 S.Ct. 3231, 106 L.Ed.2d 580 (1989). When, as noted above, petitioner's effort to have the MSPB review the initial decision failed on June 2, 1992, petitioner filed the present appeal before this court.

The foregoing brief summary of petitioner's attempts for redress is not intended to

be complete but is intended to illustrate how diligent and determined he has been to find some agency or court that would agree with him. He believes that no authority has appreciated the legal wrong done to him or has given the relief demanded, which he says is his due in fact and law. In this pursuit of what he believes would be justice, he does not seem to realize that he has had justice. He rejects application of res judicata stating that the doctrine is inapplicable because of the fraud, deceit and perjury by government attorneys designed to stifle inquiry into the reductions-in-force in 1968 and 1973 and the circumstances of his retirement. He has failed to support, with credible substantial evidence, any of his multiple charges of unethical or criminal conduct by government counsel. These repeated charges have been forcefully rejected by every court to which they have been directed.

■ This court has raised the question of its jurisdiction of the present appeal since the actions appealed occurred before January 1, 1979, the effective date of the Civil Service Reform Act of 1978 (CSRA), Pub.L. No. 95–454, 92 Stat. 1111 (1978). The CSRA established the Merit Systems Protection Board. The Federal Courts Improvement Act (FCIA), effective October 1, 1982, gave the Federal Circuit exclusive jurisdiction of final orders or decisions of the Merit Systems Protection Board. 28 U.S.C. § 1295(a)(3), (9) (1988). As previously noted, the present appeal is from a final decision of the MSPB. The question of what forum should review the challenged decision can be resolved by attention to the savings clause of the CSRA, the regulation interpreting it, and the FCIA. The CSRA's savings clause states:

> (b) No provision of this Act shall affect any administrative proceedings pending at the time such provision takes effect. Orders shall be issued in such proceedings and appeals shall be taken therefrom as if this Act had not been enacted.

Pub.L. No. 95–454, § 902(b), 92 Stat. 1224 (codified at 5 U.S.C. § 1101 note (1988)).

The board's regulation implementing this clause provides further:

> No provision of the Civil Service Reform Act shall be applied by the Board in such a way as to affect any administrative proceeding pending at the effective date of such provision. "Pending" is considered to encompass existing agency proceedings, and appeals before the Board or its predecessor agencies, that were subject to judicial review or under judicial review on January 11, 1979, the date on which the Act became effective. An agency proceeding is considered to exist once the employee has received notice of the proposed action.

5 C.F.R. § 1201.191(a)(2) (1993).

■ On the basis of the above provisions, respondent argues that Mr. Bergman's right to petition this court for appellate review depends upon whether he had some administrative or judicial proceeding regarding the challenged actions at issue here "pending" on January 11, 1979. If so, we would then lack jurisdiction. Judicial review was ongoing before the Court of Claims because that court did not decide petitioner's March 13, 1978 appeal of his RIFs until June 16, 1982, and then decided the 1968 claim was barred by the statute of limitations and the other claims failed on their merits. Therefore, we do have jurisdiction over Mr. Bergman's RIF related claims. Mr. Bergman's appeal of alleged coerced retirement in 1977 was not appealed to the CSC before it was abolished by the CSRA so it was not "pending" when CSRA became effective on January 11, 1979. We have no jurisdiction over his disability retirement claims which he now seeks to validate before the MSPB, having failed to do so in multiple judicial and administrative actions. We reach only those claims in the present appeal for which we do have exclusive jurisdiction under the Federal Courts Improvement Act at 5 U.S.C. § 7703.

We have considered that petitioner is a pro se litigant and that allowances can be made for a lack of understanding of proper legal procedures, but this is not "unrestrained license to pursue totally frivolous appeals." *Simmons v. Poppell,* 837 F.2d 1243, 1244 (5th Cir.1988); *Finch v. Hughes Aircraft Co.,* 926 F.2d 1574, 1582 (Fed.Cir.1991). There are many cases that can be cited to support the proposition that Mr. Bergman's obstinate be-

havior is what the courts refuse to tolerate even by pro se litigants. "The unescapable conclusion is that [petitioner] is engaged on this appeal in 'recreational' litigation, misusing precious and limited resources better spent on claims of his fellow citizens to whom those resources belong. The present appeal is frivolous." *Beachboard v. United States,* 727 F.2d 1092, 1095 (Fed.Cir.1984); *see, McEnery v. Merit Sys. Protection Bd.,* 963 F.2d 1512, 1516–17 (Fed.Cir.1992); *Asberry v. United States Postal Serv.,* 692 F.2d 1378, 1382 (Fed.Cir.1982).

## CONCLUSION

In consideration of the foregoing, the Clerk of this court is directed not to file further papers by or on behalf of Ralph R. Bergman without first referring them to a judge of the court who will determine whether the same claims have been adjudged before and if so will reject them for filing. Respondent may comment on the proposed filing at the judge's discretion.

The decision of the Merit Systems Protection Board is

AFFIRMED.