**Robert L. LOEH, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 02–5161.**

United States Court of Appeals, Federal Circuit.

Feb. 4, 2003.

Before MAYER, Chief Judge, CLEVENGER and BRYSON, Circuit Judges.

PER CURIAM.

Robert E. Loeh appeals from the decision of the United States Court of Federal Claims dismissing his complaint without prejudice. *Loeh v. United States,* 53 Fed. Cl. 2 (2002). We *affirm.*

I

Mr. Loeh is an officer in the United States Navy. He is confined in a Federal penitentiary under a ten-year sentence for distribution of narcotics. While incarcerated but before conclusion of his court-martial proceedings, Mr. Loeh applied to the Navy for voluntary retirement on June

14, 2001. On August 8, 2001, the Navy by letter returned to Mr. Loeh his retirement application, citing SECNAVINST 1811.3M, which provides that requests for retirement will be denied to applicants for whom court-martial proceedings are still pending. The Navy invited Mr. Loeh to resubmit his retirement application upon conclusion of the court-martial proceedings. The Navy's denial under paragraph 4.e. of SECNAVIST 19113M states no view on the merits of Mr. Loeh's application; instead the denial is on the grounds that the application is premature in time.

Mr. Loeh then filed his complaint in the Court of Federal Claims, alleging that the Navy had unlawfully denied him voluntary retirement and the benefits thereof. The various theories propounded in Mr. Loeh's complaint all presume his current entitlement to retirement pay and focus on his allegation that his retirement pay is not subject to forfeiture as part of the sentence of a court martial.

The United States filed a motion to dismiss Mr. Loeh's complaint on alternative grounds. First, the United States correctly noted that no final agency action has been taken on Mr. Loeh's request for voluntary retirement. That being so, the Navy has not rejected Mr. Loeh's application on its merits, and consequently his complaint does not present a justiciable issue and is thus not ripe for judicial review.

Alternatively, the United States argued that Mr. Loeh's complaint fails to identify a money-mandating provision of law that would entitle Mr. Loeh currently to retirement pay, and that absent such a provision the Court of Federal Claims lacks jurisdiction over Mr. Loeh's complaint.

## II

The Court of Federal Claims carefully addressed each of the theories advanced by Mr. Loeh in support of his claim that he is presently entitled to retirement pay. For the reasons set forth in the opinion of the Court of Federal Claims, we agree that Mr. Loeh has failed to establish current entitlement to retirement pay.

The Court of Federal Claims noted Mr. Loeh "expresses concern that the ultimate decision regarding his retirement may be affected by his dismissal." Accordingly, the court stated that it

addresses only plaintiff's allegation that at present he is entitled to retirement. The court has no occasion to address the legal consequences should plaintiff's dismissal be affirmed.... To the extent that plaintiff's complaint demands such an adjudication, it is dismissed for lack of jurisdiction as unripe.

Mr. Loeh has not shown error in the decision of the Court of Federal Claims dismissing his complaint without prejudice. We therefore affirm that decision.