NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AROR ARK O'DIAH,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2017-1227, 2017-1534

---

Appeals from the United States Court of Federal Claims in No. 1:16-cv-00931-EDK, Judge Elaine Kaplan.

-------------------------------------------------------------------------

**AROR ARK O'DIAH,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2017-2211

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00931-EDK, Judge Elaine Kaplan.

————————————

Decided: January 16, 2018

————————————

AROR ARK O'DIAH, Brooklyn, NY, pro se.

KELLY A. KRYSTYNIAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI.

————————————

Before NEWMAN, DYK, and CHEN, *Circuit Judges*.

PER CURIAM.

Aror Ark O'Diah appeals from a judgment of the Court of Federal Claims ("Claims Court") dismissing his complaint for lack of subject-matter jurisdiction. (Nos. 2017-1227 and 2017-1534.[1]) He also appeals a subsequent order of the Claims Court prohibiting him from filing any additional complaints without first seeking leave to do so from that court's Chief Judge. (No. 2017-2211.) We *affirm*.

## BACKGROUND

This is the fourth Claims Court action filed by Mr. O'Diah making largely the same allegations of conspiracy and malfeasance by a variety of state and federal officials

————————————

[1] Mr. O'Diah filed two notices of appeal related to the dismissal of his complaint: one following the Claims Court's initial dismissal (No. 2017-1227) and another after it denied reconsideration (No. 2017-1534).

and private entities. His first three actions were consolidated and dismissed by the Claims Court, which found that it lacked subject-matter jurisdiction over most of Mr. O'Diah's claims and that his remaining allegations failed to state a plausible claim for relief. *O'Diah v. United States*, Nos. 15-332C, -400C, -1000C, 2016 WL 1019251, at *2–4 (Fed. Cl. Mar. 14, 2016). We dismissed Mr. O'Diah's appeal in those consolidated actions as untimely because his notice of appeal was received by the Claims Court three days after the deadline. *O'Diah v. United States*, No. 2016-2098, slip op. at 1–2 (Fed. Cir. July 8, 2016) (per curiam).

After Mr. O'Diah filed this fourth action in the Claims Court, the court again determined that it lacked subject-matter jurisdiction. *O'Diah v. United States*, No. 16-931C, 2016 WL 6560393, at *2–3 (Fed. Cl. Nov. 3, 2016). A month later, Mr. O'Diah submitted yet another complaint based on roughly the same set of allegations, and the Claims Court ordered him to show cause why he should not be prohibited from filing future complaints without leave of the court. Mr. O'Diah's response to the show-cause order merely repeated the allegations in his complaints, and the Claims Court proceeded to enjoin Mr. O'Diah from making any additional filings in the Claims Court without first obtaining leave to do so from the Chief Judge of that court.

Mr. O'Diah timely appealed from the dismissal of his fourth complaint and the injunction against further filings. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo a decision by the Claims Court to dismiss for lack of subject-matter jurisdiction. *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1378 (Fed. Cir. 2017). The Tucker Act defines the scope of the Claims Court's jurisdiction. 28 U.S.C. § 1491. The Tuck-

er Act waives sovereign immunity for and provides Claims Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Id.* § 1491(a)(1).

Mr. O'Diah's complaint contains a multitude of allegations concerning officials and agencies at all levels of government, including several state and federal judges, as well as a number of corporations and private individuals. He alleges "malicious prosecutions, unjust convictions, imprisonments, . . . bodily injuries[,] . . . seizures of properties, [and] breaches of implied contract." Compl. 1. As examples of these misdeeds, Mr. O'Diah alleges undelivered and confiscated mail, misrepresented child-support obligations, several physical assaults, exposure to a radioactive substance, discrimination by government agencies on the basis of national origin, and an attempt by a federal judge to have Mr. O'Diah kidnapped or murdered. He also alleges physical injuries and deprivations of rights appearing to stem from time he spent in state custody in New York, as well as the unlawful seizure of his personal property and assets by New York state officials.

The Claims Court only has jurisdiction to hear claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). To the extent that Mr. O'Diah's complaint seeks relief against defendants other than the United States, including state or local entities and private individuals and corporations, the Claims Court correctly dismissed those claims for lack of subject-matter jurisdiction. *See id.*

So far as Mr. O'Diah claims that federal officials conspired to effectuate the harms he attributes to state-level officials, such as the taking of his property and assets,

these claims are unsupported by sufficient factual allegations to state a plausible claim for relief. They amount, at most, to "bare assertion[s]" and "legal conclusion[s]," which on their own are insufficient to withstand a motion to dismiss. *Todd Constr., L.P. v. United States*, 656 F.3d 1306, 1316 (Fed. Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009)).

The other allegations with respect to the United States government—such as fraud and the deprivation of civil rights—sound in tort, and the Claims Court properly dismissed each of these claims as falling outside of its limited jurisdiction. *See, e.g.*, *United States Marine, Inc. v. United States*, 722 F.3d 1360, 1372 (Fed. Cir. 2013). The mishandling of mail, a new allegation in this version of Mr. O'Diah's complaint, also sounds in tort and falls outside of the Claims Court's jurisdiction. *See, e.g.*, *Webber v. United States*, 231 Ct. Cl. 1009, 1009 (1982) (per curiam). The Claims Court also lacks jurisdiction to review actions taken by other federal courts in Mr. O'Diah's other lawsuits. *E.g.*, *Harris v. United States*, 868 F.3d 1376, 1381 (Fed. Cir. 2017) (per curiam). Although Mr. O'Diah refers to breach of contract in his complaint, nowhere does he allege facts suggesting that he has entered into any contract, express or implied, with the federal government.

In short, Mr. O'Diah's complaint asserts no claims falling within the Claims Court's subject-matter jurisdiction. The Claims Court correctly determined that it lacked subject-matter jurisdiction over Mr. O'Diah's claims.

Finally, we review the Claim Court's imposition of a sanction on Mr. O'Diah for abuse of discretion. *1-10 Indus. Assocs., LLC v. United States*, 528 F.3d 859, 867 (Fed. Cir. 2008). "[C]ourts are particularly cautious about imposing sanctions on a pro se litigant, whose improper conduct may be attributed to ignorance of the law and

proper procedures." *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1582 (Fed. Cir. 1991). Nevertheless, we have previously imposed anti-filing sanctions where a pro se litigant has engaged in repeated and frivolous law-suits. *Bergman v. Dep't of Commerce*, 3 F.3d 432, 435 (Fed. Cir. 1993); *see also In re Powell*, 851 F.2d 427, 430–31 (D.C. Cir. 1988) (per curiam) (discussing anti-filing injunctions). In this case, the Claims Court reviewed the record and procedural history before imposing a sanction, including Mr. O'Diah's repeated, duplicative filings in that court and elsewhere. The Claims Court was well within its discretion when it ordered the anti-filing sanction in light of Mr. O'Diah's prior filings. Such an injunction will protect judicial resources while ensuring that the courthouse doors are open to Mr. O'Diah should he one day seek to assert other claims that do fall within the Claims Court's jurisdiction.

## AFFIRMED

Costs

No costs.