# United States Court of Appeals for the Federal Circuit

04-5149

ALTON B. HORNBACK,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Alton B. Hornback, of San Diego, California, pro se.

Susan L.C. Mitchell, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General; and John J. Fargo, Director.

Appealed from: United States Court of Federal Claims

Judge Emily C. Hewitt

# United States Court of Appeals for the Federal Circuit

04-5149

ALTON B. HORNBACK,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  April 19, 2005

_____

Before NEWMAN, MAYER, and GAJARSA, <u>Circuit Judges</u>.

NEWMAN, <u>Circuit Judge</u>.

Alton B. Hornback appeals from the judgment of the United States Court of Federal Claims dismissing his claim seeking compensation for the reclassification of his patent application as secret.  <u>Hornback v. United States</u>, No. 03-2063 C (Fed. Cl. Aug. 30, 2004). He also appeals the court's dismissal of his petition for remand to the U.S. Patent and

Trademark Office ("PTO").  Hornback v. United States, 03-2063 C (Fed. Cl. Oct. 3, 2003).

For the reasons given below, we affirm.

BACKGROUND

Mr. Hornback filed the subject U.S. Patent Application, entitled "Real Time Boresight

Error Slope Sensor," on April 25, 1986.  The PTO imposed a secrecy order pursuant to 35

U.S.C. §181 on August 24, 1987, issued a Notice of Allowability on September 17, 1987,

but withheld the application from issue because of the secrecy order.  The secrecy order

was renewed annually until April 21, 1999, when it was rescinded.  The patent was issued

on June 27, 2000, as U.S. Patent No. 6,079,666.

Finding error in the issued patent, Mr. Hornback asked the PTO to issue a corrected

patent pursuant to 37 C.F.R. §1.322(b).  The PTO apparently did not respond, and on June

26, 2001 Mr. Hornback filed in this court a petition for a writ of mandamus, requesting an

order requiring the PTO to issue a new patent.  We dismissed the petition for lack of

jurisdiction, for review of an adverse administrative ruling by the Director "would first lie, if

anywhere, in a district court."  Hornback v. United States, No. 674, 2001 U.S. App. LEXIS

22003, at *2 (Fed. Cir. Sep. 28, 2001).  A subsequent petition for a writ of mandamus was

also dismissed by this court for lack of jurisdiction.  Hornback v. United States, No. 695,

2002 U.S. App. LEXIS 11770, at *1-2 (Fed. Cir. Mar. 1, 2002).

Mr. Hornback filed a complaint in the United States Court of Federal Claims on

September 8, 2003, seeking compensation for the reclassification of his patent application

as secret.  Mr. Hornback states that during pendency, the subject matter was declassified

and then reclassified as secret, giving rise to a taking of property, separate and distinct

04-5149                                    2

from the original classification. Mr. Hornback also filed a petition to remand the issued patent to the PTO for the correction of error.

The court dismissed the petition to remand to the PTO for lack of subject matter jurisdiction, stating that a mandamus action should be brought in the district court. The clerk of the court, however, dismissed in error the entire complaint, rather than just the remand petition. On appeal, the Federal Circuit vacated the judgment dismissing the complaint, declined appellate review of the action on the remand petition as premature in view of the lack of a "final decision," 28 U.S.C. §1295(a)(3), and remanded to the Court of Federal Claims. Hornback v. United States, No. 04-5023, 2004 U.S. App. LEXIS 6549, at *6-8 (Fed. Cir. Apr. 6, 2004).

The government then moved the Court of Federal Claims to dismiss Mr. Hornback's taking claim as barred by *res judicata,* and as not within the court's jurisdiction. The Court of Federal Claims granted the motion to dismiss on *res judicata* grounds. This appeal followed.

## DISCUSSION

Mr. Hornback challenges both the dismissal of his taking claim and the dismissal of his petition to remand the issued patent to the PTO for correction.

## I

The doctrine of *res judicata*, in its claim preclusion form, provides that final judgment on a claim extinguishes "'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" Young Eng'rs, Inc. v. United States Int'l Trade Comm'n, 721 F.2d 1305, 1314 (Fed. Cir. 1983) (quoting Restatement (Second) of Judgments §24 (1982)).

The Court of Federal Claims referred to Mr. Hornback's nine prior suits seeking declassification of the secrecy order or compensation therefor, five of which were dismissed with prejudice. See Hornback v. United States, 2004 U.S. App. LEXIS 384, 03-5108, -5111 (Fed. Cir. Jan. 13, 2004) (affirming dismissal of Court of Claims case nos. 99-168 C, 00-374 C, and 01-99 C); Hornback v. United States, 2004 U.S. App. LEXIS 383, 03-5099 (Fed. Cir. Jan. 13, 2004) (affirming dismissal of Court of Claims case no. 02-1915 C); Hornback v. United States, 2002 U.S. App. LEXIS 24604, 02-5111 (Fed. Cir. Dec. 4, 2002) (affirming dismissal of Court of Claims case no. 99-38 C).

Mr. Hornback argues that the present case is brought not on the initial secrecy order, but on the reclassification. As support, he points to three documents in the record. The first is an internal memorandum dated November 23, 1994 from an Air Force official stating that Mr. Hornback's patent had been recommended for downgrade to the level of unclassified. The second is a December 12, 1995 letter from a patent attorney for the Air Force stating that the Air Force had "cleared, declassified, [his] patent application except for [a] reference to a classified naval project." The third document is an e-mail communication within the PTO indicating that the application was "classified as SECRET," as of August 7, 1998. According to Mr. Hornback, these documents create an inference that at some time between the earlier and later documents, the application was declassified and reclassified, resulting in a new and distinct taking from the taking asserted in previous claims.

However, Mr. Hornback has already brought this particular taking claim, without success. In Hornback, 2002 U.S. App. LEXIS 24604, a judgment relied on by the Court of Federal Claims as precluding the present claim, Mr. Hornback's taking claim was dismissed

as barred by the statute of limitations, accruing from the 1987 secrecy order. He argued that the "takings claim did not accrue in 1987, but in 1994 when the PTO allegedly declassified and reclassified the application," and thus the clock had been reset when his property was "retaken." Id. at *2. We rejected this argument, holding that the internal action of the Air Force in downgrading his application to unclassified in 1994 did not lift the order "because only the Commissioner of Patents may rescind a secrecy order." Id. at *3. Thus the matter was finally decided, on the same transactional facts. This prior judgment bars Mr. Hornback's present claim.

II

The Court of Federal Claims dismissed Mr. Hornback's petition to remand his patent to the PTO for the correction of error. We agree that the Court of Federal Claims does not have subject matter jurisdiction of an adverse ruling of the PTO Director. 28 U.S.C. §1361 vests "original jurisdiction" for the issuance of mandamus orders in the district courts, authorizing the district court to hear any action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." §1361; see, e.g., Helfgott & Karas, P.C. v. Dickenson, 209 F.3d 1328 (Fed. Cir. 2000) (reviewing decision of Director under the Administrative Procedure Act).

Mr. Hornback argues that the Court of Federal Claims has authority to address his petition under 28 U.S.C. §1491 and RCFC 56.2(a)(1), which state that the court may "remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." However these provisions limit the remand power to cases "within its jurisdiction." §1491; RCFC 56.2(a)(1); see United States v. Testan, 424 U.S. 392, 404 (1976) ("The remand statute, thus, applies only to cases already

04-5149                                         5

within the [Court of Federal Claims'] jurisdiction.").  The Tucker Act does not, by its terms, confer jurisdiction of Mr. Hornback's petition on the Court of Federal Claims.  <u>See</u> 28 U.S.C. §1491(1)(a).  The court correctly dismissed the petition to order a corrected patent.

CONCLUSION

We affirm the judgment dismissing Mr. Hornback's complaint as barred by *res judicata*, and affirm the order dismissing his remand petition for lack of subject matter jurisdiction.

<u>AFFIRMED</u>