Donald Carlos **RUTLEDGE,** Plaintiff,

v.

**UNITED STATES,** Defendant.

No. 06–555C.

United States Court of Federal Claims.

Aug. 22, 2006.

**ORDER**

HORN, Judge.

Before the court is plaintiff's *pro se* complaint titled "Ex Parte Claim and Petition For Redress of Grievance Pursuant to the First Article in Amendment to the Constitution *for* the united States of America and 28 U.S.C.S. § 2675." (emphasis and errors in original). More than simply confusing, the plaintiff's rambling submission is near impossible to follow, rife with misconstrued and misused legal jargon, and filled with illogical sentences and puzzling exhibits. From what logic the court may gather from the plaintiff's complaint, the court construes the plaintiff's claims to arise from alleged tort actions and alleged violations of his constitutional rights in relation to his 1998 incarceration by the State of Minnesota for criminal convictions of first-degree criminal sexual conduct, third-degree assault, and terroristic threats, in violation of Minn.Stat. §§ 609.342, subd. 1(e)(i); 609.223, subd. 1; and 609.713, subd. 1 (1996).

The plaintiff's sentences for the third-degree assault and terroristic threats convictions were vacated by the Minnesota Court of Appeals in 1999. *See Minnesota v. Rutledge*, No. C5–98–904, 1999 WL 185202, at *2 (Minn.Ct.App. April 6, 1999). The plaintiff then twice petitioned for post-conviction relief of his first-degree criminal sexual conduct conviction. The Minnesota Court of Appeals denied the plaintiff's petitions. *See Rutledge v. Minnesota*, No. A04–139, 2004 WL 1662541 (Minn.Ct.App. July 27, 2004), *review denied* (Oct. 27, 2004); *Rutledge v. Minnesota*, No. C0–02–167, 2002 WL 1837952 (Minn. Ct.App. Aug 13, 2002).

In his complaint in this court, the plaintiff claims that he is a "Third Party Claimant/Intervenor in regards to the Defendant on State of Minnesota Inc's papers; a secured party to defendant; a private man upon the soil of Minnesota state; a Minnesota state national, foreign to State of Minnesota Inc." (emphasis and errors in original). Plaintiff alleges that "Jurisdiction is hereby invoked under 28 U.S.C.S. § 2675 and the Constitution *for* the united States of America." (emphasis and errors in original). The plaintiff's complaint further alleges that: "Agents, Actors, Employees of State of Minnesota Inc., ... violated numerous Constitutional Rights of Donald Carlos Rutledge in their theft of private property (piracy), *i.e.* DONALD

CARLOS RUTLEDGE, and any and all variations of said name, hence the involuntary servitude of Claimant/Intervenor." The plaintiff's complaint continues to state that:

all parties have admitted complicity in this action against Claimant/Intervenor by failing to reply to and answer Petition For Redress of Grievance(s) provided to State of Minnesota Inc.... State of Minnesota Inc. has agreed with Claimant/Intervenor that State of Minnesota should award Claimant/Intervenor the sum certain amount noted on the latest Invoice(s) by their failure to respond to Claimant/Intervenor's Tort Claim to Risk Management Office of State of Minnesota [non-reply]; also provided to Division of Tort Branch in Washington D.C. to which their replies are included. (bracketed language in original).

In his complaint, the plaintiff includes as exhibits various documents, invoices and other writings plaintiff has mailed in relation to his incarceration. Specifically included in the plaintiff's exhibits is a Uniform Commercial Code (UCC) filing submitted to the State of Minnesota Secretary of State, in which the plaintiff claims that his own name, Donald Carlos Rutledge, is a trademark and personal property belonging to the plaintiff.

Also included in the plaintiff's exhibits is a "Notice of Tort Claim," dated July 22, 1997, filed by the plaintiff with the State of Minnesota, Department of Administration, Risk Management Division. In his "Notice of Tort Claim" the plaintiff seeks $4,744,732,081.40 in damages for:

violation of civil rights under the Constitution of the United States for the united States of America (1787 and as amended 1791), Amendments I, IV, and VII pursuant to 42 USC, Sections 1983 and 1988, and claims for the violation of rights under the Minnesota Constitution (1857), plus claims for false arrest, false imprisonment, assault, battery, harassment, detriment of character, theft of property, but not limited to such, etc., as mentioned above. (errors in original).

On March 10, 2006, the Minnesota Department of Corrections responded to the plaintiff's tort claim and stated that because the Department of Correction "was unable to establish that any department employee violated a duty or acted negligently, the DOC declines to offer any payment on this claim."

On September 1, 2005, the plaintiff filed a claim with the United States Department of Justice (DOJ) under the Federal Tort Claims Act (FTCA) claiming that numerous employees of the State of Minnesota "have violated Claimant's unalienable Constitutional (both State and Federal) Rights from the beginning and have steadfastly refused to release Claimant from his involuntary servitude." On March 6, 2006, the plaintiff wrote a letter to the Administrative Office of the United States Courts titled "Notice of Fault–Failure to Reply," alleging that it failed to respond to the plaintiff's September 1, 2005 tort claim and that any continued failure to reply "would constitute by law your admittance to all claims expressed in Notice of Tort Claim...." On March 2, 2006, the Administrative Office of the Courts responded to the plaintiff's tort claim stating that "your claim arises from actions taken entirely by state and local law enforcement and court officials in the course of your arrest and subsequent judicial proceedings. It is this agency's conclusion that, because none of the alleged tortfeasors is a federal official, much less an official of the federal judiciary, it is clear that the federal government is not liable for your claim."

On April 20, 2006, the DOJ responded to the plaintiff's complaint stating that the DOJ "cannot determine the Federal involvement in this matter." The DOJ then instructed the plaintiff that if he wished to file a claim under the FTCA, the claim must "conform in all respects with Title 28, United States Code §§ 2671–2675 and the regulations in Title 28, Code of Federal Regulations, Part 14...." The plaintiff filed his complaint in this court on July 31, 2006.

## DISCUSSION

The court recognizes that the plaintiff is proceeding *pro se*. Normally, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations con-

tained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). The United States Court of Appeals for the Federal Circuit has similarly stated that "the pleadings of *pro se* litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim because '[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.'" *Forshey v. Principi,* 284 F.3d 1335, 1357 (Fed.Cir.2002) (quoting *Hughes v. Rowe,* 449 U.S. at 15, 101 S.Ct. 173, 66 L.Ed.2d 163), *cert. denied,* 537 U.S. 823, 123 S.Ct. 110, 154 L.Ed.2d 33 (2002). However, "there is no 'duty [on the part] of the trial court ... to create a claim which appellant has not spelled out in his pleading....'" *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original). "'A complaint that is ... confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation....'" *Scogin v. United States,* 33 Fed.Cl. at 293 (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775–76 (7th Cir.1994)) (alterations in original and citations omitted); *see also Merritt v. United States,* 267 U.S. 338, 341, 45 S.Ct. 278, 69 L.Ed. 643 (1925) ("The petition may not be so general as to leave the defendant in doubt as to what must be met.") (citations omitted). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States,* 59 Fed.Cl. 497, 499, *aff'd,* 98 Fed.Appx. 860, (Fed.Cir.2004), *reh'g denied* (2004).

■ Furthermore, subject matter jurisdiction may be challenged at any time by the parties, by the court *sua sponte,* and even on appeal. *See Fanning, Phillips, Molnar v. West,* 160 F.3d 717, 720 (Fed.Cir.1998) (quoting *Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.,* 933 F.2d 996, 998 n. 1 (Fed. Cir.1991). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1342 (Fed.Cir.2001) (citing *Johannsen v. Pay Less Drug Stores N.W., Inc.,* 918 F.2d 160, 161 (Fed.Cir.1990)); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). A plaintiff must establish jurisdiction by a preponderance of the evidence. *See Reynolds v. Army and Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988); *Thomas v. United States,* 56 Fed.Cl. 112, 115 (2003); *Martinez v. United States,* 48 Fed.Cl. 851, 857 (2001), *aff'd in part,* 281 F.3d 1376 (Fed.Cir.), *reh'g denied* (2002); *Bowen v. United States,* 49 Fed.Cl. 673, 675 (2001), *aff'd,* 292 F.3d 1383 (Fed.Cir.2002); *Vanalco, Inc. v. United States,* 48 Fed.Cl. 68, 73 (2000); *Alaska v. United States,* 32 Fed.Cl. 689, 695 (1995), *appeal dismissed,* 86 F.3d 1178 (Fed.Cir. 1996) (table).

Pursuant to RCFC 8(a)(1) and Rule 8(a)(1) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." RCFC 8(a)(1). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.), *reh'g denied* (1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Nevertheless, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").

■ In order for this court to have jurisdiction over a plaintiff's complaint, the Tucker Act requires that the plaintiff identify an independent substantive right enforceable against the United States for money damages. 28 U.S.C. § 1491 (2000). The Tucker Act states:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114, *reh'g denied,* 425 U.S. 957, 96 S.Ct. 1736, 48 L.Ed.2d 202 (1976) (citing *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605–06, 372 F.2d 1002, 1009 (1967)); *see also Palmer v. United States,* 168 F.3d 1310, 1314 (Fed.Cir.1999); *Stinson, Lyons & Bustamante, P.A. v. United States,* 33 Fed.Cl. 474, 478 (1995), *aff'd,* 79 F.3d 136 (Fed.Cir.1996). A waiver of traditional sovereign immunity cannot be implied but must be "unequivocally expressed." *INS v. St. Cyr,* 533 U.S. 289, 299 n. 10, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *Ins. Co. of the West v. United States,* 243 F.3d 1367, 1372 (Fed.Cir.), *reh'g and reh'g en banc denied* (2001); *Saraco v. United States,* 61 F.3d 863, 864 (Fed.Cir.1995) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)), *cert. denied,* 517 U.S. 1166, 116 S.Ct. 1565, 134 L.Ed.2d 665 (1996).

The Tucker Act, however, merely confers jurisdiction on the United States Court of Federal Claims; " 'it does not create any substantive right enforceable against the United States for money damages.' " *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (quoting *United States v. Testan,* 424 U.S. at 398–99, 96 S.Ct. 948), *reh'g denied,* 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980); *White Mountain Apache Tribe v. United States,* 249 F.3d 1364, 1372 (Fed.Cir.2001), *aff'd,* 537 U.S. 465, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Cyprus Amax Coal Co. v. United States,* 205 F.3d 1369, 1373 (Fed.Cir.2000), *cert. denied,* 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *New York Life Ins. Co. v. United States,* 118 F.3d 1553, 1555–56 (Fed.Cir. 1997), *cert. denied,* 523 U.S. 1094, 118 S.Ct. 1559, 140 L.Ed.2d 792 (1998); *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983) (*en banc*), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). Individual claimants, therefore, must look beyond the jurisdictional statute for a waiver of sovereign immunity. *United States v. Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349. In order for a claim to be successful, the plaintiff "must also demonstrate that the source of law relied upon 'can fairly be interpreted as mandating compensation by the federal government for the damages sustained.' " *White Mountain Apache Tribe v. United States,* 249 F.3d at 1372 (quoting *United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)); *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948; *Tippett v. United States,* 185 F.3d 1250, 1254 (Fed.Cir.1999) ("[T]he plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.") (quoting *James v. Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998), *reh'g denied* (1999)); *Doe v. United States,* 100 F.3d 1576, 1579 (Fed.Cir. 1996), *reh'g and reh'g en banc denied* (1997); *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. at 607, 372 F.2d at 1009.

■ This court may only render judgment for money when the violation of a constitutional provision, statute, or regulation independently mandates payment of money damages by the United States. *See Khan v. United States,* 201 F.3d 1375, 1377–78 (Fed.

Cir.2000). For example, the First Amendment, standing alone, cannot be interpreted to require the payment of money for its alleged violation, and, therefore, does not provide an independent basis for jurisdiction in this court. *See United States v. Connolly,* 716 F.2d at 886–87; *see also Hamlet v. United States,* 63 F.3d 1097, 1107 (Fed.Cir.1995), *cert. denied,* 517 U.S. 1155, 116 S.Ct. 1542, 134 L.Ed.2d 646 (1996); *Featheringill v. United States,* 217 Ct.Cl. 24, 33, 1978 WL 5755 (1978); *Rosano v. United States,* 9 Cl. Ct. 137, 142 (1985), *aff'd,* 800 F.2d 1126 (Fed. Cir.1986), *cert. denied,* 480 U.S. 907, 107 S.Ct. 1350, 94 L.Ed.2d 521 (1987). Nor does the Fourth Amendment provide a basis for jurisdiction in this court. *See Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation."), *reh'g denied* (1997). The same is true of allegations concerning violation of the Due Process clauses of the Fifth and Fourteenth Amendments and the Equal Protection clause of the Fourteenth Amendment, since nothing in those clauses can be read to mandate monetary compensation. *See LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995); *see also Crocker v. United States,* 125 F.3d 1475, 1476 (Fed.Cir.1997); *Collins v. United States,* 67 F.3d 284, 288 (Fed.Cir.1995) (citing additional cases); *Mullenberg v. United States,* 857 F.2d 770, 773 (Fed.Cir.1988); *Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir.1987); *Loeh v. United States,* 53 Fed.Cl. 2, 4 (2002), *aff'd,* 55 Fed.Appx. 937 (Fed.Cir.2003); *Smith v. United States,* 51 Fed.Cl. 36, 38 (2001), aff'd, 36 Fed.Appx. 444 (Fed.Cir.2002); *Milas v. United States,* 42 Fed.Cl. 704, 710 (1999), *aff'd,* 217 F.3d 854 (Fed.Cir.1999).

■ The court has waded through the plaintiff's cumbersome complaint and determines that the gravamen of the plaintiff's claim appears to assert that the actions by various Minnesota government officials in incarcerating the plaintiff constitute a tort and violations of plaintiff's Constitutional rights, for which the plaintiff feels he is entitled to relief. It is well established that the Court of Federal Claims lacks jurisdiction over cases sounding in tort. The modern Tucker Act limits the Court of Federal Claims' jurisdiction to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(2) (2000). Courts which have inquired into the scope of the Tucker Act's jurisdictional grant have concluded that section 1491 does not grant jurisdiction over tort claims to the Court of Federal Claims. *See New Am. Shipbuilders v. United States,* 871 F.2d 1077, 1079 (Fed.Cir.1989) ("If the government misconduct alleged was tortious, jurisdiction is not granted the Claims Court under the Tucker Act...."); *Tree Farm Dev. Corp. v. United States,* 218 Ct.Cl. 308, 316, 585 F.2d 493, 498 (1978) (noting that the Court of Claims "specifically lacks jurisdiction in cases sounding in tort" under the Tucker Act); *Whyte v. United States,* 59 Fed.Cl. 493, 497 (2004) (stating that the Tucker Act does not grant the court jurisdiction over independent tort claims); *Cottrell v. United States,* 42 Fed.Cl. 144, 148 (1998) ("The Tucker Act limits the court's jurisdiction to non-tort money suits against the United States ...."); *see also Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) ("[T]ort actions brought in other courts were beyond the jurisdiction of the Court of Claims, just as tort cases are outside the jurisdiction of the Court of Federal Claims today."); *Brown v. United States* 105 F.3d 621, 623 (Fed.Cir. 1997) ("The Court of Federal Claims ... lacks jurisdiction over tort actions against the United States."); *LeBlanc v. United States,* 50 F.3d 1025, 1030 (Fed.Cir.1995) (noting that claims against the government for illegal interference with a lawsuit are "tort claims, over which the Court of Federal Claims has no jurisdiction"); *Shearin v. United States,* 992 F.2d 1195, 1197 (Fed.Cir. 1993) ("It is well settled that the United States Court of Federal Claims lacks—and its predecessor the United States Claims Court lacked—jurisdiction to entertain tort claims."). The United States Supreme Court

recognized as early as 1868 that Congress did not intend to confer on the Court of Claims jurisdiction over tort actions against the government: "The language of the statutes which confer jurisdiction upon the Court of Claims, excludes by the strongest implication demands against the government founded on torts." *Gibbons v. United States*, 8 Wall. 269, 75 U.S. 269, 275, 19 L.Ed. 453 (1868). Finally, "[j]urisdiction to hear tort claims is exclusively granted to the United States District Courts under the Federal Tort Claims Act." *McCauley v. United States*, 38 Fed.Cl. 250, 264 (1997), aff'd, 152 F.3d 948 (Fed.Cir.1998); *see also* 28 U.S.C. § 1346(b) (2000); *Wood v. United States*, 961 F.2d 195, 197 (Fed.Cir.1992) ("[D]istrict courts have ... exclusive jurisdiction over tort claims for any amount if they fall within the Federal Tort Claims Act, [28 U.S.C.] § 1346(b)."); *Martinez v. United States*, 26 Cl.Ct. 1471, 1476 (1992) ("The district courts have exclusive jurisdiction in [Federal Tort Claims Act] actions."), aff'd, 11 F.3d 1069 (Fed.Cir.1993). Because the conduct complained of by the plaintiff sounds in tort, the claims included in Mr. Rutledge's complaint before this court are outside this court's jurisdiction.

█ The plaintiff also bases his claims in this court upon violations of due process by employees of the State of Minnesota. Claims of violations of the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments or clauses under the Fourth Amendment are not within this court's jurisdiction because those clauses do not support a claim for money damages against the United States, as discussed above and as required for jurisdiction in this court. *See Crocker v. United States*, 125 F.3d at 1476 ("The Court of Federal Claims correctly concluded that it does not have jurisdiction to hear [plaintiff's] due process ... claims under the Fifth Amendment to the United States Constitution."); *Collins v. United States*, 67 F.3d at 288 ("[T]he due process clause does not obligate the government to pay money damages."); *LeBlanc v. United States*, 50 F.3d at 1028 (Finding no jurisdiction under the Fifth and Fourteenth Amendments because they do not mandate money damages by the government.); *Mullenberg v.*

*United States*, 857 F.2d at 773 (Finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts."); *Murray v. United States*, 817 F.2d at 1583 (The Fifth Amendment Due Process clause does not include language mandating the payment of money damages.); *see also Hurt v. United States*, 64 Fed.Cl. 88, 89 (2005) ("Nor can the court hear constitutional due process claims under the Fifth Amendment ...."), aff'd, 134 Fed.Appx. 446 (Fed.Cir. 2005). For these additional reasons, the court lacks jurisdiction to review the plaintiffs complaint. To the extent that the plaintiff attempts to bring any other claims, such as a claim that the State of Minnesota infringed the plaintiff's name as a trademark owned by the plaintiff, the court has considered those arguments and determines also that the court lacks jurisdiction to review those claims.

█ Although this court has determined that it is without jurisdiction over the plaintiff's claims, that does not imply that the court is without jurisdiction to award sanctions pursuant to RCFC 11. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137–38, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (district court may impose sanctions, pursuant to Fed.R.Civ.P. 11, for abuse of judicial process, even though it is determined that district court had no subject matter jurisdiction), *reh'g denied*, 504 U.S. 935, 112 S.Ct. 2001, 118 L.Ed.2d 596 (1992). The plaintiff in this case has inundated the Minnesota courts, the Department of Justice, and this court with illogical and unwarranted filings that request the immoderate and unjustifiable amount of more than $4 billion dollars in damages. The receipt and processing of Mr. Rutledge's inappropriate filings taxes this court's resources as well as the resources of the Department of Justice and, therefore, the treasury, to which all taxpayers contribute. As such, the judicial process is abused and other litigants who properly have claims before this court are affected adversely. Based upon the multiple exhibits attached to the plaintiff's complaint, "[t]he unescapable conclusion is that [petitioner] [here Mr. Rutledge] is engaged on this appeal in 'recreational' litigation, misusing pre-

cious and limited resources better spent on claims of his fellow citizens to whom those resources belong. The present appeal is frivolous." *Bergman v. Dep't of Comm.*, 3 F.3d 432, 435 (Fed.Cir.1993) (quoting *Beachboard v. United States*, 727 F.2d 1092, 1095 (Fed.Cir.1984)), *cert. denied*, 510 U.S. 1115, 114 S.Ct. 1062, 127 L.Ed.2d 381 (1994); *see McEnery v. Merit Sys. Protection Bd.*, 963 F.2d 1512, 1516 (Fed.Cir.1992) (complaints "which have no hope of succeeding place an unnecessary and intolerable burden on judicial resources."), *reh'g denied* (1992); *Asberry v. United States Postal Serv.*, 692 F.2d 1378, 1382 (Fed.Cir.1982) ("The filing of and proceeding with clearly frivolous appeals constitutes an unnecessary and unjustifiable burden on already overcrowded courts, diminishes the opportunity for careful, unpressured consideration of nonfrivolous appeals, and delays access to the courts of persons with truly deserving causes.").

The court reminds Mr. Rutledge that litigation is serious business. "This and other federal courts are funded by the taxpayers of this country to adjudicate genuine disputes, not to function as playgrounds for would-be lawyers or provide an emotional release for frustrated litigants." *Constant v. United States*, 929 F.2d 654, 659 (Fed.Cir.), *cert. denied*, 501 U.S. 1206, 111 S.Ct. 2799, 115 L.Ed.2d 973 (1991). Further, "[w]here, as here, a party's argument flies in the teeth of the plain meaning of the statute and raises arguments with utterly no foundation in law or logic, and indeed is contradicted by clear statutory language, the judicial process is abused and the funds provided by Congress via the taxpayers to the Justice Department are wasted." *Abbs v. Principi*, 237 F.3d 1342, 1351 (Fed.Cir.2001).

Rule 11 of the Rules of the United States Court of Federal Claims (RCFC) grants this court the authority to impose sanctions on parties who file frivolous or baseless pleadings. Specifically, RCFC 11 requires that, by filing a complaint in this court, the plaintiff represents that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of

new law...." Mr. Rutledge's complaint in this case has no basis in fact or law. The plaintiff's purpose in filing such a complaint, therefore, is frivolous and harassing. Accordingly, the court could impose monetary sanctions. However, RCFC 11 states that sanctions should be limited to what is "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated," and permits the imposition of nonmonetary sanctions. The appropriate sanction in this case, therefore, is to bar plaintiff from filing any future complaints without an order of this court approving such a filing. *See Bergman v. Dep't of Comm.*, 3 F.3d at 435 (barring the filing of future appeals by plaintiff without judicial review and approval of the appeal after referral to a judge for screening); *Aldridge v. United States*, 67 Fed.Cl. 113, 124 (2005) ("Plaintiff is further ORDERED to cease filing any further action related to Plaintiff's eviction from the Property in the United States Court of Federal Claims. The Clerk of the Court is directed to accept no filing from Plaintiff, without an Order of the court approving the filing."); *Hornback v. United States*, 62 Fed.Cl. 1, 6 (2004) ("To prevent *abuse* of the *judicial process* by plaintiff," the court barred future filings by plaintiff "absent advance written permission by a judge of this court." (emphasis added)), *aff'd*, 405 F.3d 999 (Fed.Cir.), *reh'g en banc denied* (2005); *Anderson v. United States*, 46 Fed.Cl. 725, 731 (2000) ("The clerk of the court is further directed not to file any pleadings or documents of any kind, submitted by plaintiff in this court, without the advance written permission of a judge from this court."), *aff'd*, 4 Fed.Appx. 871 (Fed.Cir.), *cert. dismissed*, 533 U.S. 926, 121 S.Ct. 2577, 150 L.Ed.2d 713, *reconsideration denied*, 534 U.S. 809, 122 S.Ct. 29, 151 L.Ed.2d 8 (2001).

## CONCLUSION

For the foregoing reasons, this court is without jurisdiction to review the plaintiff's complaint. The plaintiff's complaint, therefore, is **DISMISSED**, with prejudice. The Clerk of the Court shall enter **JUDGMENT** consistent with this opinion and is directed to accept no future filing from the plaintiff without an order by a judge of this court approv-

ing the filing. The Clerk of the Court shall retain a copy of this order on file indefinitely and refer to it in the event any future filings are presented by Mr. Rutledge. Costs to the defendant.

**IT IS SO ORDERED.**