William **PIKULIN**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 11–46 C.

United States Court of Federal Claims.

June 13, 2012.

William Pikulin, President of W.P. Contractors, Inc., Brooklyn, NY, pro se.

*ORDER*

HEWITT, Chief Judge.

Before the court, unfiled, is plaintiff's Motion to Enforce Willful Default Judgment No. 11–46C (plaintiff's Motion or Pl.'s Mot.), which was received in chambers on May 22, 2012. Plaintiff's Motion was delivered to the court unfiled because Case No. 11–46 C is closed. Plaintiff's claims in Case No. 11–46 C were dismissed on January 31, 2011 as frivolous, untimely, and not within the court's jurisdiction. *See generally Pikulin v. United States*, 97 Fed.Cl. 71, *aff'd*, 425 Fed.Appx. 902 (Fed.Cir.2011) (unpublished).

In its order dismissing Mr. Pikulin's claims in Case No. 11–46 C, the court stated:

Plaintiff is no stranger to litigation in the federal courts, including the [United States District Court for the] Southern District of New York, the United States District Court for the Eastern District of New York ..., and United States Court of Federal Claims.... Since filing the above-mentioned complaint against [the City University of New York] in 1995, he has initiated numerous suits in these courts, *all of which arise from the same factual circumstances.*

*Id.* at 73 (footnote omitted) (emphasis added). The court described in detail Mr. Pikulin's history of litigation in these forums, which includes five other actions in the United States Court of Federal Claims (Court of Federal Claims). *See generally id.* at 74–75. It does not appear that Mr. Pikulin prevailed in any of the actions he has brought. *See generally id.*

To the contrary, courts have found Mr. Pikulin's repeated filings to be vexatious, harassing and frivolous. The United States Court of Appeals for the Federal Circuit has,

on at least one occasion, informed Mr. Pikulin that further submissions regarding matters already decided by the court would not be considered. *See In re Pikulin,* 143 Fed. Appx. 343 (Fed.Cir.2005) (unpublished) ("We note that this court has denied two previous mandamus petitions regarding the same matter. Future documents submitted by the petitioners will be reviewed and, if they involve the same matter, will be placed in the file without response."). The United States Court of Appeals for the Second Circuit (Second Circuit) has, on at least one occasion, dismissed as frivolous an appeal filed by Mr. Pikulin. *See Pikulin,* 97 Fed.Cl. at 74 n. 6 (interpreting an entry on the docket of the United States District Court for the Eastern District of New York). The United States District Court for the Eastern District of New York has, on at least one occasion, determined that Mr. Pikulin's repeated filings were "vexatious and harassing" and enjoined Mr. Pikulin from filing additional motions until the motions already pending before the court had been resolved. *See Petreykov*[1] *v. Int'l Fidelity Ins. Co.,* No. 95 CV 1428, 1997 WL 36988, at *1 (E.D.N.Y. Jan. 7, 1997). The United States District Court for the Southern District of New York has, on at least one occasion, dismissed a complaint filed by Mr. Pikulin, citing a statutory provision that provided: " 'The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.' " *Pikulin,* 97 Fed.Cl. at 73 n. 5 (quoting 28 U.S.C. § 1915(d) (Supp. II 1997)).

Pursuant to Rule 11 of the Rules of the United States Court of Federal Claims,[2] the Court of Federal Claims may sanction a party that has made frivolous or harassing filings by enjoining the party from making future filings without leave of the court. *See, e.g., Hemphill v. Kimberly–Clark Corp.,* 374 Fed.Appx. 41, 44–46 (Fed.Cir.2010) (unpublished) (applying the standards applicable to anti-filing injunctions in the D.C. Circuit); *Colida v. Nokia, Inc.,* 347 Fed.Appx. 568, 571 (Fed.Cir.2009) (unpublished) (stating that the Federal Circuit "appl[ies] regional circuit law when reviewing sanctions under Rule 11" and applying the standards applicable to anti-filing injunctions in the Second Circuit).

Alternatively, the Court of Federal Claims may direct the Office of the Clerk of Court not to accept further filings by the party without an order by a judge of the court approving the filing. *See, e.g., Bergman v. Dep't of Commerce,* 3 F.3d 432, 435 (Fed.Cir. 1993) (directing the clerk of court not to accept filings by the plaintiff "without first referring them to a judge of the court who will determine whether the same claims have been adjudged before and if so will reject them for filing"); *Rutledge v. United States,* 72 Fed.Cl. 396, 403–04 (2006); *Hornback v. United States,* 62 Fed.Cl. 1, 6 (2004), *aff'd,* 405 F.3d 999 (Fed.Cir.2005).

Based on a review of plaintiff's dismissed cases in this court and in other courts and in light of plaintiff's Motion—which was submitted in an action that is closed and was addressed to the undersigned rather than the presiding judge in the action—plaintiff's actions appear to demonstrate indicia of frivolousness and harassment. *Cf. Hemphill,* 374 Fed.Appx. at 45 (stating that a trial court "should make findings 'as to any pattern' of behavior, looking to 'both the number and content of the filings as indicia of frivolousness and harassment.' " (quoting *In re Powell,* 851 F.2d 427, 431 (D.C.Cir.1988))). Therefore, the Office of the Clerk of Court shall return plaintiff's Motion to plaintiff.

1. "Mr. Pikulin identifies another individual—Savely Petreykov—as a co-plaintiff in the body of his complaint. However, he included only his own name in the caption of the complaint and he was the only person to sign the complaint." *Pikulin v. United States,* 97 Fed.Cl. 71, 72 n. 1, *aff'd,* 425 Fed.Appx. 902 (Fed.Cir.2011) (unpublished). The court will therefore refer to Mr. Pikulin as the "plaintiff" in Case No. 11–46 C.

2. The Rules of the United States Court of Federal Claims (RCFC) generally mirror the Federal Rules of Civil Procedure (FRCP). *See* RCFC 2002 Rules Committee Notes 1 ("[I]nterpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure."). RCFC 11 is substantially identical to Rule 11 of the FRCP. *Compare* RCFC 11, *with* FRCP 11. Therefore, the court relies on cases interpreting FRCP 11 as well as those interpreting RCFC 11.

The Office of the Clerk of Court shall refer all future filings by plaintiff to a judge of the court, who will determine whether the same claims have been adjudged before or whether any such filing demonstrates indicia of frivolousness and harassment. If so, the Office of the Clerk of Court will reject them for filing.

IT IS SO ORDERED.