

# In the United States Court of Federal Claims

No. 15-1175C
(Filed: January 31, 2017)
NOT FOR PUBLICATION

**FILED**

JAN 3 1 2017

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MELZA E. JORDAN, SR.,   \*

  \*   Pro Se Plaintiff, Motion for Reconsideration

v.   \*

  \*

THE UNITED STATES,   \*

  \*

  Defendant.   \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Melza E. Jordan, Sr., Joliet, Illinois, pro se.

Courtney D. Enlow, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

On August 25, 2016, the court granted defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Jordan v. United States, 128 Fed. Cl. 46 (2016). On September 30, 2016, plaintiff moved for relief from a judgment or order pursuant to RCFC 60(b)(6) and on November 22, 2016, the court denied plaintiff's motion. Currently before the court is plaintiff's December 9, 2016 motion for reconsideration of the court's November 22, 2016 decision.

In his September 30, 2016 motion, plaintiff sought to have the court "modify the decision set forth in its Opinion and Order or August 25, 2016 by addressing the sought after alternative remedy of remanding this matter to the appropriate U.S. District." Mot. for Relief 1. In denying the requested relief, the court concluded, in its November 22, 2016 Opinion and Order, that plaintiff had failed "to identify the exceptional circumstances necessary to justify such extraordinary relief," and that "although plaintiff claimed in his amended complaint that he did not seek a review of Judge Kendall's decision, that is exactly what he sought." Op. & Order 2. Although difficult to parse, plaintiff's current motion appears to seek the exact same relief:

> Now comes the Self-Represented Plaintiff, Melza E. Jordan, Sr., ("Jordan") and submit this motion for reconsideration of the entered opinion and order of November 22, 2016, seeking to have this Court to rescind the entered opinion and order of November 22, 2016, and seeks to have this Court to incorporate an analysis and discussion about the alternative relief sought of action—

7014 1200 0000 9093 6422

transfer the case to the appropriate district court for adjudication—
into the entered opinion and order of August 25, 2016.

Mot. for Recons. 1.

Because plaintiff continues to seek relief that this court lacks the jurisdiction to grant (review of Judge Kendall's decision) and because plaintiff continues to seek relief that plaintiff has at all times been free to pursue without a ruling by this court (review of Judge Kendall's decision by the United States Court of Appeals for the Seventh Circuit), plaintiff's efforts have risen to the level of frivolous litigation. See Hemphill v. Kimberly-Clark Corp., 374 Fed. Appx. 41, 45 (Fed. Cir. 2010) (affirming the district court's finding that plaintiff's actions were harassing and frivolous, based "both on the number of her filings and their lack of merit"); Fullard v. United States, 78 Fed. Cl. 294, 302 (2007) ("Plaintiff's repeated attempts to prosecute civil rights claims against private parties and state officials, which this court already determined are not within its jurisdiction to decide, exemplifies frivolous litigation."); Chandler v. United States, 31 Fed. Cl. 106, 110-11 (1994) (finding frivolous litigation where plaintiff continually disregarded the holding of the Court of Federal Claims and other courts and "continue[d] to prosecute his meritless claims with abusive zeal").

Accordingly, plaintiff's motion is **DENIED.** In addition, plaintiff is **ENJOINED** from submitting further documents to the court regarding the above-captioned case. The Clerk shall not accept any further filings from plaintiff without first consulting with the undersigned.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge

-2-