Carey W. **BROOKER** et al., Plaintiffs,

v.

The **UNITED STATES**, Defendant.

No. 12–605 C.

United States Court of Federal Claims.

Oct. 4, 2012.

---

Carey W. Brooker and Lenora Renee Brooker, Trinidad, CO, Russell Jay Gould and David Wynn Miller, Milwaukee, WI, Monte Edwin Mueller, Idyllwild, CA, and Edward William Bange, Ingalls, KS, pro se.

Eric Peter Bruskin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

### ORDER AND OPINION

HEWITT, Chief Judge.

Plaintiffs Carey W. Brooker, Lenora Renee Brooker, Russell Jay Gould, David Wynn Miller, Monte Edwin Mueller and Edward William Bange, appearing pro se, filed the above-captioned case on September 14, 2012. For the reasons stated, the court finds that it lacks subject matter jurisdiction and dismisses the case sua sponte. The court also finds plaintiffs' complaint to be deserving of sanction pursuant to the court's inherent power to sanction bad-faith conduct.

## I. Background

Plaintiffs' filing with the court is separated into two parts. The first part (Part One), Docket Number (Dkt. No.) 1, is titled "Civil–Case–Quo–Warranto–Complaint," and is 228 pages long and bound together by what appears to be glue. The second part (Part Two), Dkt. No. 1–1, is also titled "Civil–Case–Quo–Warranto–Complaint" and is 491 pages long and bound together by twine. The court construes Parts One and Two together as a single complaint.[1]

Each part of plaintiffs' filing has what appears to be a caption. Only the first five plaintiffs are identified on what appears to be the caption of Part One. See Part One 1. These five plaintiffs appear to have signed Part One by placing their fingerprints next to their names. See Part One 1–2, 11. The first page of Part Two, also in what appears to be a caption, identifies Edward William

Bange as a claimant, in addition to Russell Jay Gould, David Wynn Miller and Monte Edwin Mueller. See Part Two 1. These four plaintiffs appear to have signed Part Two by placing their fingerprints next to their names. See Part Two 1–2, 11. The court considers all six named individuals to be plaintiffs with respect to all aspects of this case.

Plaintiffs' filing begins: "In this Document–Contract–Federal–Postal–Vessel–Federal–Court–Venue with the Federal–Court of the Claims within the Washington–District–Columbia–Federal–Territory: Civil–Cover–Page." See Part One 1. Much of the filing is similar in style throughout. See, e.g., id. at 3 ("Document–Claim–2: for the judge's-written-contract of the facts is with the C.-S.-S.-C.-P.-S.-G.-claims of the C.-S.-S.-C.-P.-S.-G.-facts with the now-time-continuance-evidence of the closure with the correction of the wrong-word-meanings with the sentence-structure-violations-claims . . . ."). The filing largely consists of copies of documents marked "evidence," many of which appear to have been filed in other court proceedings, see, e.g., Part One 14–226 (showing stamp indicating that document was filed with the U.S. District Court for the District of Colorado and page numbers assigned by that court's case filing system); Part Two 41–47 (showing stamp indicating that document was filed with the U.S. District Court for the District of Kansas and page numbers assigned by that court's case filing system), and many of which are also marked with a series of numbers, see, e.g., Part One 121–23; Part Two 16–17, 19, the meaning of which is not apparent to the court.

Similar complaints, bearing the name of at least one of the plaintiffs in this case, have been filed in courts across the country—and dismissed. See, e.g., Gould v. Las Animas, Colorado County Court, No. 1:12–cv–00221–BLW, 2012 WL 3440135, at *2 (D.Idaho Aug. 13, 2012) (dismissing complaint by plaintiff

---

1. The court's Case Management/Electronic Case Files system assigned page numbers to each part of plaintiffs' filing. See generally Docket Number (Dkt. No.) 1, (Part One); Dkt. No. 1–1 (Part Two). Part One is numbered from 1–228, and Part Two is numbered from 1–491. The court

cites to Part One and Part Two using the page numbers so assigned. When quoting directly from plaintiffs' filing, the court omits the unconventional symbols, capitalization, punctuation and type face used by plaintiffs.

Russell Jay Gould and others as "incomprehensible"); *Bozorgi v. World Sav. Bank, FSB,* No. 12–cv–0434–JAH (DHB), 2012 WL 1253023, at *2 (S.D.Cal. Apr. 13, 2012) (dismissing complaint naming David Wynn Miller as a plaintiff, stating that it consists of "indecipherable and nonsensical words and symbols, followed by . . . documents that Plaintiffs have marked with a series of numbers, which apparently stand for various parts of speech"); *In re Gould,* No. 04–C108–C, 2004 WL 720272, at *1 (W.D.Wis. Mar. 29, 2004) (dismissing plaintiff Russell Jay Gould's claim owing to "nonsensical conclusory statements" and "no factual allegations at all"); *see also* Mem. & Order at 1–2, *Bange v. Post,* No. 6:11–cv–01375–EFM–KGG (D. Kan. Jun. 11, 2012), Dkt. No. 55 (stating that plaintiff Edward William Bange had filed "[n]early three dozen . . . incomprehensible documents" and ordering that, "in light of the large number of incoherent and irrelevant filings" made, he be "precluded from filing, without prior leave of this Court, . . . anything else whatsoever"); *Brooker v. Gould,* No. 12–cv–00548–REB–KMT, 2012 WL 2366632, at *1 (D.Colo. May 4, 2012) (recommending dismissal when magistrate judge found plaintiffs Carey W. Brooker and Lenora Renee Brooker's claims against Russell Jay Gould "unnecessarily verbose and unintelligible"); *Mueller v. United States of America–Corporation,* No. ED CV 08–00918–D SF (MAN), 2009 WL 273283, at *4–5 (C.D.Cal. Feb. 2, 2009) (identifying Monte Edwin Mueller as server of process with respect to a complaint that "appears to rest on a language, syntax, and grammatical structure of plaintiff's own creation . . . [and] lacks a single comprehensible allegation of fact" and finding such service defective).

Plaintiff David Wynn Miller and others previously filed a complaint in this court, *see generally* Compl., *Cato v. United States,* No. 08–60 (Fed. Cl. Jan. 25, 2008), Dkt. No. 1. That complaint was dismissed sua sponte shortly after it was filed for lack of subject matter jurisdiction and for failure to state a claim. *See* Order of Feb. 4, 2008, *Cato,* Dkt. No. 3. Indeed, plaintiffs' history of filing "nonsensical" and "completely incoherent" complaints that "utterly fail to state any kind of claim against any Defendant that is re-

motely plausible on its face" has been viewed as part of a pattern of "fil[ing] in bad faith." *Kaihana v. District Court of the First Circuit, Waianae* [sic], No. 12–00041 HG BMK, 2012 WL 928705, at *1 (D.Haw. Mar. 16, 2012) (dismissing suit by plaintiff David Wynn Miller and others, with prejudice, and naming at least five other similar suits filed by Miller in that court); *see Brooker v. Gould,* No. 12–cv–01608–REB–KMT, 2012 WL 4009487, at *1 (D.Colo. Sept. 12, 2012) ("The Court notes Plaintiffs [Carey Wayne Brooker and Lenora Renee Brooker] filed this case after this court issued similar Orders directing Plaintiffs to file amended complaints in [two other cases pending in the same court], apparently in an attempt to circumvent the Court's Orders in those cases.").

## II. Legal Standards

### A. Subject Matter Jurisdiction

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rules of the United States Court of Federal Claims (RCFC) 12(h)(3). For this court to have subject matter jurisdiction over plaintiffs' case, plaintiffs must allege a "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). Plaintiffs have the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988). Pro se plaintiffs, although "[held] to less stringent standards than . . . lawyers," *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), must nonetheless meet basic jurisdictional requirements, *Kelley v. Sec'y, U.S. Dep't of Labor,* 812 F.2d 1378, 1380 (Fed.Cir.1987); *see Henke v. United States,* 60 F.3d 795, 799 (Fed.Cir.1995) ("The fact that [the plaintiff] acted *pro se* in the

drafting of his complaint may explain its ambiguities, but it does not excuse its failures . . . .").

## B. Transfer to District Court

When the court dismisses a case for lack of jurisdiction, it has an obligation to determine whether transfer to another court that may have jurisdiction over the claims is appropriate. *See* 28 U.S.C. § 1631 (2006) (stating that "the court shall, if it is in the interest of justice, transfer [a case over which it lacks jurisdiction] to any other such court in which the action or appeal could have been brought at the time it was filed or noticed"); *Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1375 (Fed.Cir.2005) (recognizing "the statutory requirement that transfer be considered to cure jurisdictional defects").

## C. Authority to Order Sanctions

■ The court has "inherent powers enabling it to manage its cases and courtroom effectively and to ensure obedience to its orders." *Pac. Gas & Electric Co. v. United States (PG & E)*, 82 Fed.Cl. 474, 480 (2008) (internal quotation marks and brackets omitted); see *In re Bailey*, 182 F.3d 860, 864 (Fed.Cir.1999) ("The United States Supreme Court and federal courts of appeals have repeatedly recognized that regulation of attorney behavior is an inherent power of any court of law and falls within the discretion of such court."). "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal quotation marks omitted). "Because of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at

44–45, 111 S.Ct. 2123 (internal citations omitted).

■ The court also has authority to sanction based on Rule 11 of the RCFC.[2] Rule 11 requires an attorney or unrepresented party to make certain certifications about any documents presented to the court, based on "an inquiry reasonable under the circumstances." RCFC 11(b). Rule 11 sanctions are appropriate when an attorney or unrepresented party fails to act with "candor and truthfulness" in making such certifications. *See PG & E*, 82 Fed.Cl. at 478 n. 2; *cf.* RCFC 11(b)–(c) (describing bases for Rule 11 sanctions). "In evaluating whether the signer of a filing has violated Rule 11, the . . . court applies an objective standard of reasonableness." *Colida v. Nokia, Inc.*, 347 Fed.Appx. 568, 571 (Fed.Cir.2009) (unpublished). In determining whether an antifiling injunction is appropriate under Rule 11, the trial court "should make findings 'as to any pattern' of behavior, looking to 'both the number and content of the filings as indicia of frivolousness and harassment.'" *Hemphill v. Kimberly–Clark Corp.*, 374 Fed. Appx. 41, 45 (Fed.Cir.2010) (unpublished) (quoting *In re Powell*, 851 F.2d 427, 431 (D.C.Cir.1988)).

■ A court's rules do not displace its inherent power to impose sanctions for bad-faith conduct. *Chambers*, 501 U.S. at 46, 111 S.Ct. 2123. Indeed, "[inherent] power is both broader and narrower than other means of imposing sanctions." *Id.* It is broader in that it "extends to a full range of litigation abuses." *Id.* And it is narrower in that "a court's inherent power to impose attorney's fees as a sanction" is effectively limited to "cases in which a litigant has engaged in bad-faith conduct or willful disobedience of a court's orders," as distinguished from "conduct which merely fails to meet a reasonableness standard." *Id.* at 47, 111 S.Ct. 2123; *cf.* RCFC 11 (imposing a reasonableness standard). "[W]hen there is bad-faith conduct in

2. The Rules of the United States Court of Federal Claims (RCFC) generally mirror the Federal Rules of Civil Procedure (FRCP). *See* RCFC 2002 Rules Committee Note ("[I]nterpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany

the Federal Rules of Civil Procedure."). RCFC 11 is substantially identical to Rule 11 of the FRCP. *Compare* RCFC 11, *with* FRCP 11. Therefore, the court relies on cases interpreting FRCP 11 as well as those interpreting RCFC 11.

the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, . . . the Rules are [not] up to the task, the court may safely rely on its inherent power." *Chambers*, 501 U.S. at 50, 111 S.Ct. 2123.

### III. Discussion

#### A. Dismissal for Lack of Subject Matter Jurisdiction

Plaintiffs have not met their burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence, *see Reynolds*, 846 F.2d at 748; *cf.* RCFC 8(a)(1) (stating that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction"), and, as a result, their claim must be dismissed, see RCFC 12(h)(3). Specifically, plaintiffs have failed to identify any basis for jurisdiction in this court. They have not pleaded a violation by the United States of the Constitution or of a federal law or regulation that affords a right to money damages. See Part One *passim;* Part Two *passim; cf.* 28 U.S.C. § 1491(a)(1). Neither have they identified any claim based upon an express or implied contract with the United States. Part One *passim;* Part Two *passim; cf.* 28 U.S.C. § 1491(a)(1). Significantly, it does not appear that plaintiffs even name the United States as a defendant. *See* Part One 1 ("Claimants–Plaintiff: contest-versus: For-

eign–Dry–Dock–Vessel–Alfred–A. Arraj–Federal–Courthouse–Venue, Room A 105, 901 19th Street, Denver, Colorado 80294: Syntax-evidences on this vessel-contract: Vassalees [Defendants]" (brackets in original)); Part Two 1 ("Claimants-Plaintiff: contest-versus: Foreign–Dry–Dock–Vessel–410 North Market, Wichita, Kansas, 67202. Foreign–Dry–Dock–Vessel–Frank–Carson–Federal–Building 44 Southeast Quincy Street, Topeka, Kansas 66683. Syntax-evidences on this vessel-contract: Vassalees [Defendants]" (brackets in original)). Accordingly, this court finds that it lacks subject matter jurisdiction over plaintiffs' claim.[3]

#### B. Transfer Not Appropriate

 The court considers whether it is in the interests of justice to transfer this case to another jurisdiction. *See* 28 U.S.C. § 1631. Plaintiffs have a history of filing similar complaints in courts across the country—and of having those complaints dismissed as "incoherent" and "incomprehensible." *See supra* Part I. Because these filings by plaintiffs appear to be part of a pattern of filing in bad faith, *see id.,* it is not in the interests of justice to transfer this case.

#### C. Sanctions Warranted

 Based on a review of plaintiffs' complaint and of cases filed by plaintiffs in this court and in other courts, plaintiffs' filings warrant sanction pursuant to the court's in-

---

**3.** The court notes that, to the extent that any facts that could be construed as claims are alleged in the complaint, it likely also lacks jurisdiction over claims by plaintiffs Carey W. Brooker and Lenora Renee Brooker (collectively, the Brookers) pursuant to 28 U.S.C. § 1500 (2006). Under section 1500, "[t]he [United States Court of Federal Claims] has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." *United States v. Tohono O'Odham Nation (Tohono O'Odham),* —— U.S. ——, 131 S.Ct. 1723, 1727, 179 L.Ed.2d 723 (2011); *see* 28 U.S.C. § 1500. "[T]wo suits are for or in respect to the same claim when they are based on substantially the same operative facts. . . ." *Tohono O'Odham,* 131 S.Ct. at 1730. The Brookers, both plaintiffs in this case, also filed a complaint in the United States District Court for the District of Colorado on June 21, 2012. *See* Compl., *Brooker v. Gould,* No. 12–cv–

01608–REB–KMT (D. Colo. Jun. 21, 2012), Dkt. No. 1. That case appears to be pending. *See Brooker,* 2012 WL 4009487, at *2 (ordering plaintiffs to file an amended complaint in compliance with the order on or before October 1, 2012). A significant portion of the complaint in this case consists of copies of documents originally filed by plaintiffs in that case. See Part One 14–226 (showing stamp indicating that documents were filed with the U.S. District Court for the District of Colorado in case number 1:12–cv–01608–REB–KMT and page numbers assigned by that court's case filing system). Therefore, to the extent that any operative facts are alleged in those portions of the complaint before this court, it appears that the same operative facts would have also been alleged in the pending suit before the district court. This court would therefore lack jurisdiction over any such claims by the Brookers pursuant to 28 U.S.C. § 1500.

herent power. *Cf. Chambers,* 501 U.S. at 50–51, 111 S.Ct. 2123 (affirming appeals court finding of "no abuse of discretion in resorting to the inherent power" even though sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure could have been employed because only the inherent power could reach an "entire course of conduct" that "evidenced bad faith and an attempt to perpetrate a fraud on the court"). Sanctions under the court's inherent power are more appropriate in the present case than sanctions under Rule 11 because plaintiffs have not failed to act with candor and truthfulness in their dealings with the court. *Compare PG & E,* 82 Fed.Cl. at 478 n. 2 ("Because counsel never attempted to mislead the court nor acted with dishonesty toward the court in a pleading or filing, RCFC 11 is not an appropriate basis upon which to fashion sanctions or remedies in this case."), *and* RCFC 11(b)–(c) (describing bases for Rule 11 sanctions), *with Chambers,* 501 U.S. at 50–51, 111 S.Ct. 2123 (stating that only the inherent power could provide authority to sanction an "entire course of conduct" that "evidenced bad faith").

In particular, plaintiff Edward William Bange has already been precluded from attempting to make further filings in the United States District Court for the District of Kansas without prior leave after making "incomprehensible," "incoherent and irrelevant filings," Mem. & Order at 1–2, *Bange,* Dkt. No. 55—filings that are similar to the complaint filed in this case. Also, after a series of suits involving David Wynn Miller as a plaintiff, the United States Court for the District of Hawai'i noted his history of filing "nonsensical" complaints and dismissed the complaint before it as "completely incoherent," noting that it "utterly fail[ed] to state any kind of claim against any Defendant that is remotely plausible on its face." *See Kaihana,* 2012 WL 928705, at *1. The district court in the Hawai'i case also stated that "it is apparent from the Complaint as well as Plaintiff David–Wynn Miller's numerous other filings in this court that this action has been filed in bad faith, and that granting leave to amend would be futile." *Id.*

Plaintiffs have shown disrespect for the judicial process by ignoring orders to file amended complaints that comply with court rules and, instead, filing new cases. *See Brooker,* 2012 WL 4009487, at *1 (stating that plaintiffs were "attempt[ing] to circumvent the Court's Orders in those cases"). Plaintiffs, in making such filings in those cases and in the present case, have demonstrated "conduct which abuses the judicial process." *Cf. Chambers,* 501 U.S. at 44–45, 111 S.Ct. 2123. Such conduct is the proper subject of an exercise of this court's discretion to "fashion an appropriate sanction" pursuant to its inherent power. *See id.* at 44, 111 S.Ct. 2123.

IV. Conclusion

For the reasons stated, the court concludes that it lacks jurisdiction over plaintiffs' case and DISMISSES it. Further, the court finds that plaintiffs' complaint is filed in bad faith and deserves sanction pursuant to the court's inherent power. The Office of the Clerk of Court SHALL REFER, unfiled, any future proposed filing by any of the plaintiffs, together with a copy of this opinion, to a judge of the court, who will determine if any such proposed filing demonstrates indicia of being filed in bad faith. If so directed by a judge of the court, the Office of the Clerk of Court will reject such document for filing.

IT IS SO ORDERED.