# In the United States Court of Federal Claims

No. 26-708

Filed: June 2, 2026

|  |  |
|---|---|
| AARON C. MAZIE, *pro se*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

On May 15, 2026, the Court ordered plaintiff to show cause why his case should not be dismissed for lack of subject matter jurisdiction and why he should not be subject to sanctions. *See* Order to Show Cause, ECF No. 7 (hereafter "Order"). The Court also rejected his application to proceed *in forma pauperis* and ordered him to pay the $405.00 filing fees. *Id.* at 3. The deadline for compliance was May 26, 2026. *Id.*

Mr. Mazie failed to comply with the Order. The only document Mr. Mazie filed since the Court issued the Order is a "Notice of Clarification Regarding Prior Civil Litigation and Procedural Prejudice," which does not address the Order and was filed after the deadline. *See* ECF No. 10. Further, Mr. Mazie has failed to pay the required filing fees. If a plaintiff fails to prosecute a case or comply with a court order, the court may dismiss on its own motion. *See* Rules of the United States Court of Federal Claims ("RCFC") 41(b). A dismissal under RCFC 41(b) operates as a dismissal on the merits unless the court orders otherwise. *Id.* This case is **DISMISSED** on the merits.

Mr. Mazie is also subject to sanctions. Mr. Mazie has filed six cases the United States Court of Federal Claims and at least nineteen other cases in other federal courts. *See* Order at 2. The other cases filed in the Court of Federal Claims have all been dismissed for frivolity, failure to prosecute, and failure to state claim. *See id.* at n.1. Mr. Mazie has been sanctioned or warned of sanctions multiple times. *See Mazie v. United States*, No. 26-102, ECF No. 8 (Judge Meriweather dismissing the case as a sanction for failure to prosecute); *Mazie v. United States*, No. 26-599, ECF No. 11 at 4 (Judge Bonilla repeating his warning that Mr. Mazie's "continued exhaustion of limited judicial resources through the incessant filing of frivolous claims may result in sanctions."). This Court warned Mr. Mazie that he may be subject to an anti-filing injunction if he failed to show cause that this case was not another frivolous claim. Order at 2. *See also Allen v. United States*, 88 F.4th 983, 988–89 (Fed. Cir. 2023) (requiring notice and opportunity to be heard before an anti-filing injunction may be placed on a litigant).

Sanctions should be limited to "what is sufficient to deter repetition of such conduct" and may take the form of dismissal of a complaint with prejudice and barring a plaintiff from filing any future complaints without an order of the Court. *Rutledge v. United States*, 72 Fed. Cl. 396, 403 (2006) (quoting RCFC 11(c)(4)). *See also Brooker v. United States*, 107 Fed. Cl. 52, 57–58 (2012) (finding sanctions were warranted against a *pro se* party for filing multiple "incomprehensible, incoherent, and irrelevant" complaints and filing the Court and in several district courts). Anti-filing injunctions are "an appropriate sanction 'where a pro se litigant has engaged in repeated and frivolous lawsuits.'" *Aljindi v. United States*, 178 Fed. Cl. 256, 260 (2025) (quoting *O'Diah v. United States*, 722 F. App'x 1001, 1004 (Fed. Cir. 2018)). Such injunctions are an extreme remedy, therefore "the Court must undertake a careful review of the record and the relevant procedural history." *Id.* (citing *O'Diah*, 722 F. App'x at 1004) (holding that a plaintiff warranted an anti-filing injunction because his three lawsuits demonstrated a pattern of vexatious and duplicative litigation). Because of Mr. Mazie's continued filing of frivolous claims and his noncompliance with orders from this and other courts, he is **ENJOINED** from filing another case in the United States Court of Federal Claims without **FIRST RECEIVING LEAVE OF THE CHIEF JUDGE**.

If Mr. Mazie seeks to file a new complaint in this Court, he shall move for leave to file and explain why the new complaint is timely and properly before this Court. Any such motion must attach a proposed complaint meeting RCFC 8's pleading standards. Mr. Mazie may file a new complaint if the complaint is signed and filed by an attorney duly licensed and authorized to practice law under the laws of at least one state or territory of the United States or the District of Columbia and is a member in good standing of the Bar of the United States Court of Federal Claims.

The case is **DISMISSED WITH PREJUDICE**. The Clerk is instructed to **REJECT** any future filings by Mr. Mazie in this case, No. 26-708. An **ANTI-FILING INJUCTION** is placed on Mr. Mazie; he is not permitted to file a new complaint in the United States Court of Federal Claims without following the above process.

 **IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge

2